### SOWERS MFG. CO. v. KECK et al.

Circuit Court of Appeals, Third Circuit.
June 21, 1929.

No. 3967.

Arthur G. Dickson and Carl W. Funk, both of Philadelphia, Pa., for appellant.

Wm. Barclay Lex and C. J. Hepburn, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The facts of this case are apparently not in dispute. The Sowers Manufacturing Company had a contract with Bethlehem Motors Corporation to furnish castings for the latter. The contract provided that the castings should be made as the defendant specified, and should be shipped from Buffalo to the defendant at Pottstown, Pa., when and as directed by defendant. The title to the castings, it was agreed, should not pass until the castings had been delivered and lodged in defendant's warehouse at Pottstown. The petitioner shipped two carloads of castings at the agreed value of $18,656.05; the same being delivered to the carrier at Buffalo before the appointment of a receiver. The receiver of the defendant company was appointed while the goods were in transit. When they arrived at Pottstown the receiver paid the freight charges and took possession of the goods as a representative of the defendant company.

Petitioner seeks in this proceeding for an order requiring payment in full for the castings, on the theory that the receiver stands in the same situation as if he had bought the goods and used them in carrying on the business of the receivership, and that they thus became part of the costs of administration. The learned court below overruled this position, holding that, in the circumstances, the petitioner became a general creditor, and not a preferred creditor. In this position we concur. This was not an executory contract. All that remained to complete it was the delivery of the goods, which duty rested with the shipper. The receivership having intervened, the shipper might have stopped his goods in transit; but this he did not do. In taking possession of the goods the receiver was not exercising a right of purchase under a new contract. He was simply receiving the goods for the defendant under a contract which had already been made. The defendant under the contract was bound to accept delivery, unless the contract was terminated by the act of the shipper, which situation did not arise. The receiver was not in a situation to repudiate the contract, which was binding upon the defendant, but appears to have been in duty bound to recognize the contract and accept the goods for the defendant, whose agent in the transaction he was. The shipper recognized the existence and validity of the contract by leaving the goods with the receiver, thus abandoning title thereto and demanding the price of the goods instead.

We think the learned court committed no error in dismissing the petition, and its order is accordingly affirmed.